FROHLICH v. MITCHELL.

1. TRANSCRIPT JUDGMENT—AFFIDAVIT—CLERICAL ERROR.
   A transcript judgment is not void because the attorney making the affidavit stated that the judgment was rendered in favor of "deponent," instead of the "plaintiff," where the affidavit was properly entitled in the cause, and showed who the plaintiff was in whose favor the judgment must have been rendered.

2. SAME—AMOUNT DUE.
   A statement in such affidavit that the amount due was due to the deponent is not a jurisdictional defect, as 1 Comp. Laws, § 846, only requires the amount due on the judgment to be stated.

*Certiorari* to Wayne; Frazer, J. Submitted October 8, 1902. (Docket No. 18.) Decided March 23, 1903.

William Mitchell petitioned the circuit court to vacate a transcript judgment entered against him by Edward Frohlich. From an order denying the petition, Mitchell brings *certiorari*. Affirmed.

*Jonathan Palmer, Jr.*, for appellant.

*Wilkinson & Younglove*, for appellee.

HOOKER, C. J. The following affidavit is the basis for the issue and filing of a transcript, the entering of judgment in the circuit court, and the issue of execution thereon, viz.:

"EDWARD FROHLICH, Doing Business as the Edward Frohlich Glass Co.,
          "vs.
"WILLIAM MITCHELL.

Before John B. Teagan, One of the Justices of the Peace in and for the County of Wayne.

"STATE OF MICHIGAN, ⎫
   County of Wayne,   ⎬ ss.
    City of Detroit.     ⎭

"Ralph B. Wilkinson, one of the attorneys for the above-named plaintiff, being duly sworn, says there is now due and remaining unpaid upon the judgment heretofore, on the 4th day of May, 1901, rendered in the above-entitled cause by the above-named justice in favor of this deponent against the above-named defendant, the sum of four hundred and twenty-four 65-100 dollars, exclusive of costs, and that there is now due to this deponent for the costs taxed in said cause by said justice upon the rendition of said judgment the further sum of five dollars, and that execution may now be issued upon said judgment for the collection thereof; and this deponent further says that he has good reason to believe, and does believe, that there is not sufficient goods and chattels liable to execution to satisfy said judgment within the county of Wayne, where said judgment was rendered, belonging to the said William Mitchell, or to any person or persons against whom such execution may issue.   And further says not.

                          "RALPH B. WILKINSON.

"Subscribed and sworn to before me this 11th day of May, A. D. 1901.

                   "WILLIAM TEAGAN,
      "Clerk of the Justice Courts for Detroit."

After a levy and sale of real estate, counsel for the defendant appeared and made a motion to vacate the judgment and subsequent proceedings upon the ground that the affidavit filed conferred no jurisdiction upon the justice to return the transcript, or upon the county clerk to file the same or enter judgment.   This motion was based upon an affidavit setting up the facts, and the point relied upon was that the affidavit for the transcript did not state that a judgment was rendered in favor of the plaintiff, and did state that it was rendered in favor of "the deponent," who was therein stated to be the plaintiff's attorney, and that the amount named was due to the deponent instead of the plaintiff.   The motion was denied, and the proceeding is here upon *certiorari*.

Three points are made by plaintiff's counsel in support of the proceedings:

132 Mich.—28.

1. That the affidavit is a substantial, and therefore a sufficient, compliance with the statute.

2. That the defendant has, through laches, waived any right of objection to the proceeding.

3. That *certiorari* is not a proper method for reviewing the proceedings.

The affidavit is entitled in the cause, showing that Frohlich was the plaintiff, and it states that affiant.is attorney for the "plaintiff above named." The affidavit shows that the statement that "judgment was rendered in favor of the deponent" was erroneous, and shows who the plaintiff was in whose favor it must have been rendered. This is evidently a clerical error, and was properly disregarded.

The statement that the amount due was due to the deponent is unimportant. The statute (1 Comp. Laws, § 846) does not require more than that the amount due upon the judgment shall be stated. This affidavit may be made on behalf of the plaintiff or an assignee, and in either case the entry of the transcript judgment would be under its original title. The affidavit purports to be made by affiant in the capacity of attorney, and his statement that the amount due is due to deponent may be disregarded.

The judgment is affirmed, with costs.

MOORE, GRANT, and MONTGOMERY, JJ., concurred.